IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DWAYNE N. CLARK,

        Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

        Defendant.

CV-10-6222-SU

FINDINGS AND RECOMMENDATION

SULLIVAN, Magistrate Judge:

    Plaintiff Dwayne Clark brings this action for judicial review of a final decision of the Commissioner of Social Security denying his applications for disability insurance benefits (DIB) and supplemental security income (SSI) payments under Titles II and XVI of the Social Security Act. The court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner's decision should be affirmed.

1 - FINDINGS AND RECOMMENDATION

## BACKGROUND

Clark was fifty-two years old at the time of the administrative hearing. Admin. R. 12.[1] He completed eleventh grade and worked as a mason and cement finisher. *Id.* at 12, 152. Clark alleges disability due to lumbar spondylosis, mild cervical degenerative joint disease, and right shoulder tendonitis. He filed for disability on December 18, 2007 alleging disability from May 30, 2005. His application was denied initially and on reconsideration. A hearing was held before an Administrative Law Judge (ALJ) on April 2, 2009. The ALJ found Clark satisfied the insured status requirements for a claim under Title II through December 31, 2005. *Id.* at 67. Clark must establish that he was disabled on or before that date to prevail on his DIB claim. 42 U.S.C. § 423(a)(1)(A); *Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir. 1998). The ALJ issued an opinion on April 20, 2009 finding Clark not disabled, which is the final decision of the Commissioner.

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3).

The Commissioner has established a sequential process of up to five steps for determining whether a person over the age of 18 is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). The ALJ applied the five step

---

[1] Citations to "Admin. R." refer to the page(s) indicated in the official transcript of the administrative record filed with the Commissioner's Answer.

disability determination analysis and found at step one that Clark has not engaged in any substantial gainful activity (SGA) since May 30, 2005. Admin. R. 67. At step two, she determined that Clark has the medically severe impairments of lumbar pain secondary to severe spondylosis at L5-SI, mild cervical degenerative joint disease, and right shoulder tendonitis. *Id.* The ALJ found at step three that Clark did not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, App.1. *Id*. at 70.

The ALJ found Clark has the residual functional capacity (RFC) to perform light work with the following exceptions: "the option to sit or stand at will; he is precluded from climbing ladders, ropes and scaffolds; and he is precluded from exposure to workplace hazards such as moving machinery." *Id.* The ALJ elicited the testimony of a vocational expert (VE) and found at step four that Clark was not capable of performing his past relevant work as a cement mason. *Id.* at 73.

The ALJ proceeded to step five and based on the testimony of the VE found there were a significant number of jobs in the national economy that Clark could perform, such as small products assembler, ticket seller, and electronic assembler. The ALJ found Clark was not disabled within the meaning of the Social Security Act. *Id.* at 75.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. *Batson v. Commissioner of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The ALJ is responsible for "determining credibility, resolving conflicts in the medical testimony, and resolving ambiguities."  *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001)(citations omitted).  If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner.  *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d at 1193.

## DISCUSSION

Clark alleges the ALJ erred in assessing his credibility and the credibility of the lay witness.  He further alleges that the rejection of this evidence caused the ALJ to err in determining his RFC and in evaluating the vocational evidence at step five.

I.     RFC

   A.     Clark's Testimony

Clark testified that he waited to file for disability because he thought he would be able to go back to his old job, but was unable to do so.  Admin. R. 16, 71.  He testified he could sit for no more than one hour at a time; stand for an hour at a time; walk for forty-five minutes at a time; and lift thirty pounds occasionally.  *Id.*  at 16-18, 71.  Clark also testified he had trouble gripping objects.

The ALJ must assess the credibility of the claimant regarding the severity of symptoms only if the claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms.  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  Clark has medically determinable impairments which could produce some of his symptoms.  When there is an underlying impairment and no evidence of malingering, an ALJ

must provide clear and convincing reasons for discrediting a claimant's testimony regarding the severity of his symptoms. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ must make findings that are "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995), *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002).

When making a credibility evaluation, the ALJ may consider objective medical evidence and the claimant's treatment history as well as any unexplained failure to seek treatment or follow a prescribed course of treatment. *Smolen v. Chater*, 80 F.3d at 1284. The objective medical evidence is not consistent with Clark's allegations of pain. The ALJ noted that Dr. Clifton, a chiropractic physician, treated Clark intermittently from 2005 to 2008. Admin. R. 226, 265-268. Dr. Clifton noted worsening conditions when Clark did not receive care, and although Clark's condition worsened in 2008 he reported a pain level of four out of ten. *Id.* at 68, 226, 241.

The ALJ also noted that Family Nurse Practitioner (FNP) Giboney noted Clark's improvement with physical therapy, and that in May 2008 his pain was tolerable with his current medications. *Id.* at 68-69, 303-305, 313-315. She also noted Clark reported to FNP Giboney in October 2008 that he could sit for less than one hour at a time up to three hours in an eight hour work day; stand for two hours at a time, if able to move around, for less than three hours in an eight hour work day; and he could walk for less than an hour at a time for three hours in an eight hour work day. He stated he could do this no more than one day at a time. *Id.* at 69, 330-334. FNP Giboney recommended he have a work capacity evaluation as she did not evaluate him for disability. The ALJ further noted that Dr. Lewis examined Clark in March 2008 and found no issues of hand function including coordination, strength, or stamina. *Id.* at 69, 285.

5 - FINDINGS AND RECOMMENDATION

The ALJ found no medical reason Clark was unable to ameliorate his pain with medications. The record indicates he did not start taking prescription medications until December 2007. *Id.* at 221-224. In January 2008, FNP Giboney noted Clark's pain was improved with physical therapy and medication and that his pain tolerance allowed him to continue his work, albeit with some pain. *Id.* at 313-315. He reported doing well on his medications in October 2008 and was using a tractor and not lifting as much. *Id.* at 330-334. Clark testified at the hearing he did not believe in taking narcotic pain medication. *Id.* at 29. The ALJ found Clark's choice to not use more pain medication undermined his testimony regarding the severity of his pain. This is a permissible inference to make. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008); *Parra v. Astrue,* 481 F.3d 742, 750-751 (9th Cir. 2007) ("conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment").

The ALJ may also consider the claimant's daily activities, inconsistent statements, work record and the observations of physicians and third parties in a position to have personal knowledge about the claimant's functional limitations. *Smolen v. Chater,* 80 F. 3d. at 1284. The ALJ noted Clark was able to do chores around the house; some cooking; some driving; some shopping; and some hunting, including helping friends skin an elk. She noted he was also able to take care of small dogs; sell items on E-Bay; walk around his "shop"; and water the horses and pigs. Admin. R. 23-26, 71, 166-173. In addition, the ALJ noted that contrary to his report that he only turned on water troughs for the livestock, Clark's wife stated he fed fourteen horses an average of three times a week by carrying about ten pounds of hay per horse. *Id.* at 39-40, 72. If a claimant's level and type of activity is inconsistent with his claimed limitations, his activities

6 - FINDINGS AND RECOMMENDATION

have a bearing on his credibility. *Orteza v. Shalala*, 50 F.3d at 750; *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989).

The ALJ found that Clark's medical records did not support the degree of alleged limitation. She also noted his conservative treatment for allegations of pain. The ALJ also considered Clark's daily activities and the inconsistency of his statements about daily activities with his wife's statement. She considered appropriate factors and drew reasonable inferences from substantial evidence in the record in assessing Clark's credibility. The ALJ's interpretation is not irrational and is therefore upheld. *Batson v. Commissioner of Soc. Sec. Admin.,* 359 F.3d at 1193; *Andrews v. Shalala*, 53 F.3d at 1039-1040.

### B. Lay Witness Testimony

Clark's wife testified regarding Clark's symptoms, the chores he performed around the ranch and his new symptoms regarding his grip and dizziness. An ALJ cannot disregard the testimony of a lay witness without comment, but must give reasons that are germane to the witness. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ noted that Clark was referred to a neurologist and there was a change in his medications to alleviate the dizzy spells. Admin. R. 72-73, 346-349. She noted that Ms. Clark reported on the severity of Clark's symptoms based on his statements which she found not fully credible. When an ALJ properly rejected a claimant's subjective complaints and claimant's spouse's testimony was similar, "it follows that the ALJ also gave germane reasons for rejecting her testimony." *Valentine v. Commissioner of Social Sec. Admin.,* 574 F.3d 685, 694 (9th Cir. 2009).

The ALJ also noted that some of the symptoms reported by Ms. Clark were not consistent with medical and other evidence. The ALJ also noted that the only objective observation made by

7 - FINDINGS AND RECOMMENDATION

Ms. Clark that would be inconsistent with Clark's RFC was her statement that he dropped things more often than other people. Admin. R. 37-38, 73. The ALJ noted, however, that on further questioning, "Ms. Clark could not differentiate between her husband dropping things once or twice a day and an unimpaired person dropping items through the course of a day." *Id.* The ALJ provided sufficient reasons for discounting parts of Ms. Clark's testimony.

The ALJ properly assessed Clark's RFC. She found he had severe impairments and limited him to light work with restrictions. The ALJ evaluated the medical evidence and reached conclusions based on substantial evidence in the record, noting there was no medical opinion by a treating source regarding functional limitations. Therefore, there was no medical opinion contradicting the opinions of the state agency consultants that Clark could perform light level work. However, the ALJ noted that in deference to Clark having some reasonable pain complaints, she included in the RFC a sit/stand option and a note to avoid hazards due to the use of a mild pain reliever. *Id.* at 73.

The ALJ assessed Clark's credibility and drew reasonable inferences about Clark's credibility regarding the severity of his impairments. The ALJ properly considered the lay witness testimony and gave sufficient reasons for discounting the parts of the testimony inconsistent with the RFC. The ALJ's determination of Clark's RFC is supported by substantial evidence in the record.

V.  **Vocational Evidence**

Clark contends the ALJ erred at step five of the decision-making process by relying on faulty vocational evidence. The ALJ found Clark could not perform his past relevant work as a cement finisher, and made a step five finding that there were other jobs in the national economy

8 - FINDINGS AND RECOMMENDATION

that Clark could perform. At step five, the Commissioner must show that significant numbers of jobs exist which the claimant can perform. *Andrews v. Shalala*, 53 F.3d at 1043. An ALJ can satisfy this burden by eliciting the testimony of a vocational expert ("VE") with a hypothetical question that sets forth all the limitations of the claimant supported by the record. *Id.; Osenbrock v. Apfel*, 240 F.3d 1157, 1162-1163 (9th Cir. 2001).

Clark contends the ALJ's conclusion is erroneous because she elicited testimony from the VE with hypothetical questions that did not contain the limitations he alleges. As described above, the ALJ did not find these limitations credible. An ALJ is not required to incorporate limitations based on evidence that he properly discounted. *Batson v. Commissioner of Soc. Sec. Admin.,* 359 F.3d at 1197; *Osenbrock v. Apfel,* 240 F.3d at 1164-1165.

The VE testified that there were a significant number of jobs in the national economy that Clark can perform. Admin. R. 48-52. The ALJ's conclusion that Clark is able to perform some work and is not disabled is supported by substantial evidence and free of legal error.

## CONCLUSION

Based on the foregoing, the ALJ's decision that Clark does not suffer from a disability within the meaning of the Social Security Act is based on correct legal standards and supported by substantial evidence. The Commissioner's final decision should be affirmed.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due July 11, 2011. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 14 days after service of a copy of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

IT IS SO ORDERED.

DATED this 23rd day of June, 2011.

/s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge